## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GREGORIO GARZA DELGADO, <br> "Petitioner," | § <br> § <br> § | |
| v. | § <br> § <br> § | Civil Action No. 1:26-cv-00612 |
| TODD M. LYONS, *et al., in their official capacities,* <br> "Respondents." | § <br> § <br> § <br> § | |

## ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and "Respondents' "Response to the Petition for Writ of Habeas Corpus and Respondents' Motion for Summary Judgment" (Dkt. No. 5) ("MSJ"). For these reasons, the Petition (Dkt. No. 1) is **DENIED**.

### I.   BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States without inspection on November 15, 1989. Dkt. No. 5-1 at 1. Petitioner is currently in removal proceedings, Dkt. No. 5 at 3, and is scheduled for a hearing before an Immigration Judge ("IJ") on August 13, 2026. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited July 27, 2026).

On May 12, 2026, Respondents arrested and transferred Petitioner to the Port Isabel Service Processing Center, where he remains detained. Dkt. No. 1 at 13.

Petitioner challenges Respondents' authority to detain him under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)(A)") on statutory and constitutional grounds. *Id.* at 15-19. Petitioner further contends that his continued detention under § 1225(b)(2)(A) violates the bond regulation provisions of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *Id.* at 16.

### II.   DISCUSSION

Petitioner is permissibly detained under § 1225(b)(2)(A), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and Petitioner's constitutional claims are not viable at this stage. Generally, detention "during removal proceedings is a constitutionally permissible part of that

1

process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although the *Demore* Court recognized the possibility of circumstances where such detention could become constitutionally suspect, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), the Petition does not raise any such issues. *See* Dkt. No. 1. Petitioner has been detained for less than three months, Dkt. No. 1 at 13, and is slated for an in-person hearing before an IJ in August. *See* Executive Office of Immigration Review (EOIR), Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited July 27, 2026). As pleaded, the Court finds Petitioner's current detention commensurate with the constitutionally permissible purpose of facilitating deportation. *See Demore*, 538 U.S. at 532-33 (KENNEDY, J., concurring).

Finally, Petitioner's claim that detention under § 1225(b)(2)(A) violates the bond regulation provisions of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 has no merit. A review of the cited regulations reveals that they implement and elaborate on procedures proscribed under 8 U.S.C. § 1226(a) ("§ 1226(a)"), not § 1225(b)(1)(A).[1] Viewed this way, the argument simply restyles Petitioner's previous argument that § 1226(a), not § 1225(b)(2)(A), is the proper detention authority. It is true that Respondents could apply § 1226(a) to Petitioner's detention, but the applicability of § 1226(a) does not negate Respondents' ability to apply § 1225(b)(2)(A). On the contrary, the Fifth Circuit clarified that § 1226 and § 1225(b)(2)(A) apply concurrently to aliens in Petitioner's position. *See Buenrostro-Mendez*, 166 F.4th at 506. Thus, regardless of the applicability of § 1226, mandatory detention under § 1225(b)(2)(A) remains an option, and Respondents are within their rights to elect this option. *Id.*

## III.   CONCLUSION

For these reasons[2], the Petition (Dkt. No. 1) is hereby **DENIED** and the MSJ (Dkt. No. 5) is **DENIED** as moot. The Clerk of the Court is **ORDERED** to close this case.

---

[1] For example, both § 236.1 and § 1236.1 generally provide for release of an alien detained under 8 U.S.C. § 1226(a). *See* 8 C.F.R. §§ 236.1(c)(8) and 1236.1(c)(8). For its part, 8 C.F.R. § 1003.19 outlines the procedure for IJ review of custody determinations for bond-eligible aliens detained pursuant to § 1226.

[2] Petitioner's claims regarding the class action in *Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez*. *See Maldonado Bautista*, 2025 WL 3713987, at *8-12, *appeal pending sub nom. Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044 (9th Cir. Mar. 31, 2026) (granting a stay of the declaratory judgment insofar as it extends beyond the Central TXSD of California).

2

Signed on this 29th day of July 2026.

Rolando Olvera
United States District Judge